**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5266

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN PAUL GARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, Chief District Judge. (4:06-cr-00016-FL)

Submitted: February 4, 2008      Decided: February 15, 2008

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin P. Garris appeals from his 324-month sentence for mail fraud, in violation of 18 U.S.C. § 1341 (2000) (Count 3), wire fraud, in violation of 18 U.S.C. § 1343 (2000) (Count 41), making fraudulent statements in obtaining federal employee compensation, in violation of 18 U.S.C. § 1920 (2000) (Count 44), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000) (Count 47). On appeal, Garris contends that the district court erred in determining his base offense level as to Count 47, as there was no evidence produced at the sentencing hearing to support the quantity of drugs calculated by the probation officer in the presentence report. Garris asserts that the court further erred by enhancing his sentence based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt, resulting in a 324-month term of imprisonment that was in excess of the statutory maximum of twenty years. In response, the Government contends that Garris' claims relating to the establishment of his sentencing guidelines range are barred by the appellate waiver in his plea agreement. As for Garris' claim that his sentence exceeded the statutory maximum, the Government concedes that this claim is not precluded by the appellate waiver, but asserts that it is without merit. Upon review of the record, we dismiss Garris' claims regarding determination of his sentencing guidelines range and affirm his sentence.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2000). <u>United States v. Wiggins</u>, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has waived his right to appeal is an issue of law subject to de novo review. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is valid and that the issue is within the scope of that waiver. <u>United States v. Attar</u>, 38 F.3d 727, 731-33 (4th Cir. 1994); <u>cf.</u> <u>United States v. Blick</u>, 408 F.3d 162, 171 (4th Cir. 2005) (refusing to enforce waiver for a "narrow class of claims" that are not within the scope of the waiver).

Garris claims there was insufficient evidence for the district court to determine the amount of drugs for which he was held responsible. Garris notes that the plea agreement contained no stipulated drug amount, that he made no relevant admissions at the plea hearing, and that there was no evidence presented by the Government at the sentencing hearing. However, this claim is squarely within the scope of the appellate waiver, as Garris waived the right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guidelines range," as he reserved only the right to appeal from a sentence in excess of the advisory guidelines range. <u>See</u> <u>Attar</u>, 38 F.3d at 731-33. Garris was sentenced to 324 months' incarceration, which

was at the bottom of the calculated guidelines range. Accordingly, Garris' claim is barred by the appellate waiver.

Garris' next claim is that the district court violated his Sixth Amendment rights by enhancing his sentence based on facts that were not admitted by him nor determined by a jury beyond a reasonable doubt. While Garris seemingly raises a claim under United States v. Booker, 543 U.S. 220 (2005), his appellate waiver bars any claims that "relate to the establishment of the advisory Guidelines range." Therefore, Garris' claim that his guidelines range was calculated in violation of Booker is clearly encompassed within the broad scope of the appellate waiver. See Blick, 408 F.3d at 168-170 (claims pursuant to Booker are subsumed by appellate waiver). However, Garris also asserts that the factual determinations made by the district court resulted in a sentence that was in excess of the statutory maximum of twenty years. Garris' appellate waiver does not bar him from challenging his sentence if it was imposed in violation of the maximum penalty provided by statute. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Because Garris failed to raise this specific objection to his sentence before the district court, his claim is reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

While Garris asserts that he believed his maximum exposure in pleading guilty was limited by statute to a term of

twenty years, his claim is without merit.  Regarding Counts Three, Forty-One, and Forty-Seven, Garris' plea agreement noted that the statutory maximum term for each individual count was twenty years' incarceration.[*]  Garris' sentence did not exceed the statutory maximum on any of the individual counts, as the district court sentenced Garris to a term of 240 months on Counts 3 and 41, to be served concurrently, a term of sixty months on Count 44, to be served concurrently, and a term of 240 months on Count 47, of which eighty-four months were to run consecutively to the other counts.

While the total term of imprisonment of 324 months was greater than twenty years, this was due to the impact of U.S. Sentencing Guidelines Manual § 5G1.2(d) (2006), which states that if the highest statutory maximum is lower than the total punishment under the Guidelines, the court shall run the sentences consecutively "to the extent necessary to produce a combined sentence equal to the total punishment."  Thus, Garris' sentence of 324 months was not in excess of the statutory maximum on any one count, but rather was the result of part of the sentence for Count 47 being run consecutively to the other counts.  Therefore, Garris

---

[*]On Count Forty-Seven, the plea agreement erroneously stated that the maximum term of imprisonment for unlawful distribution of a controlled substance was thirty years.  However, the probation officer identified this error and correctly noted in the presentence report that the maximum term was twenty years. Furthermore, the district court notified Garris of the correct maximum term at his sentencing hearing.

was appropriately sentenced within the maximum penalties provided by statute as to each count.

Accordingly, we dismiss Garris' claims regarding determination of his sentencing guidelines range while otherwise affirming his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART